UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JASON L. WESTERFIELD, | ) Case No. 1:19CV911 |
| Petitioner, | ) |
| | ) JUDGE SARA LIOI |
| v. | ) MAGISTRATE JUDGE DAVID A. RUIZ |
| LYNEAL WAINWRIGHT, Warden, | ) |
| Respondent. | ) REPORT AND RECOMMENDATION |

On April 23, 2019, Jason L. Westerfield filed a second petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1] (R. 1.) The petition is before the magistrate judge pursuant to Local Rule 72.2. The petitioner is in the custody of the Ohio Department of Rehabilitation and Correction pursuant to journal entry of sentence in the case of *State of Ohio v. Westerfield*, Case No. 17-CR-0235 (Crawford County Oct. 23, 2017). (R. 1, PageID #: 1.) The undersigned recommends that the petition in this case be dismissed because the court has granted petitioner's motion to amend his original petition in the 2725 case to incorporate the grounds of this (second) petition.

---

[1] His first petition, stemming from the same state court conviction (Case No. 17-CR-0235) was filed in this court on November 26, 2018. *See generally Westerfield v. Wainwright*, No. 1:18CV2725 (N.D. Ohio filed Nov. 26, 2018).

The underlying petition stems from Westerfield's 2017 conviction for burglary in the Crawford County (Ohio) Court of Common Pleas. (R. 1, PageID #: 1.) In his petition, Westerfield raises seven grounds for relief:

> 1. Ineffective assistance of appellate counsel for failure to raise as error the violation of my rights to due process.
>
> 2. Ineffective assistance of appellate counsel for failure to raise as error the violation of my rights to due process.
>
> 3. Ineffective assistance of appellate counsel for failure to "specify" the speedy trial violation towards case no. 17-CR-0235 only. Failure to object to the improper jury instructions.
>
> 4. Ineffective assistance of appellate counsel for failure to raise as error conviction is not supported by sufficient evidence and against the manifest weight of the evidence.
>
> 5. Ineffective assistance of appellate counsel for failing to raise as error the "lack of a specific charge" in the verdict form submitted to the jury for deliberations. [Ohio Rev. Code 2911.12(A)(1) or (2)]
>
> 6. Ineffective assistance of appellate counsel for failing to raise as error the "lack of a specific charge" in the findings of the court within the sentencing entry. [Ohio Rev. Code 2911.12(A)(1) or (2)]
>
> 7. Ineffective assistance of appellate counsel for failure to raise as error the trial court's failure to instruct the jury on all of the elements of the lesser included offense of burglary.

(R. 1, PageID #: 8, 13, 14, 18, 20, 22, 24.) The respondent has filed a Return of Writ (R. 10), but petitioner has not filed a Traverse.

In the 2725 case, the petitioner moved to amend his original petition to incorporate the grounds of this petition, and to dismiss the second-filed petition in this action. (Case No. 1:18CV2725, R. 24.) The motion to amend was granted.

(Case No. 1:18CV2725, R. 28.)  Therefore, the court recommends that this case be dismissed sua sponte as moot.

s/ David A. Ruiz  
David A. Ruiz  
United States Magistrate Judge

Date:   October 30, 2019

**OBJECTIONS**

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of service of this notice.  Fed. R. Civ. P. 72(a); LR 72.3(a).  Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *see also United States v. Walter*s, 638 F.2d 947 (6th Cir. 1981).